IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDEX CORPORATE SERVICES, INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROAMBEE CORP., )<br>)<br>Defendant. ) | C.A. No. 21-175-CFC |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS**

*Of Counsel:*

Jeffrey A. Berkowitz
Michael V. Young, Sr.
Luke H. MacDonald
Bradley T. Edgington
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700

F. Leslie Bessenger III
WITHERS & KEYS, LLP
555 North Point Center East, Suite 400
Alpharetta, GA 30022
(770) 643-8912

Dated: June 11, 2021

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*

{01695645;v1 }

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

    A.    Nature and Stage of the Proceeding ............................................................1

    B.    The Roambee Counterclaim Patents ............................................................1

    C.    Roambee's Counterclaims ............................................................................2

III. LEGAL STANDARDS ........................................................................................3

    A.    Failure to State a Claim for Which Relief Can Be Granted Under Fed. R. Civ. P. 12(b)(6) ............................................................................3

IV. ARGUMENT ........................................................................................................5

    A.    Roambee's Counterclaims Should Be Dismissed for Failure to State a Claim for Any Form of Patent Infringement Under Rule 12(b)(6) ........................................................................................................5

        1.    Roambee's claims for direct infringement fail to state a claim because they do not meet the pleading standards for Rule 8 ...............5

        2.    Roambee's claims for indirect infringement fail to state a claim under Rule 12(b)(6) because they do not meet the pleading standards for Rule 8 ............................................................................8

V. CONCLUSION ....................................................................................................13

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................3

*Cephalon, Inc. v. Watson Pharm., Inc.*,
   707 F.3d 1330 (Fed. Cir. 2013) ..............................................................................4, 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
   35 S. Ct. 1920 (2015) ..............................................................................................11

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*,
   C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7,
   2020) .....................................................................................................................4, 5

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
   C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ............7, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ..................................................................................................9

*Gustafson, Inc. v. Intersys. Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990) .................................................................................12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S.Ct. 1923 (2016) ........................................................................................ 12-13

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................................................... 9-11

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed.Cir.1993) .......................................................................................10

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) ..................................................................................................9

*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir. 2004) ........................................................................... 9-11

*Metricolor v. L'Oreal*,
    791 Fed.Appx. 183 (Fed. Cir. 2019) .................................................................................. 7

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
    C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16,
    2017) ............................................................................................................................. 4-6

*Portus Singapore PTE Ltd., et al. v. SimpliSafe, Inc.*,
    C.A. No. 19-480-PLS-JLH, 2019 WL 6071180 (D. Del. Nov. 15,
    2019) ................................................................................................................................ 13

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26,
    2019) ................................................................................................................................ 10

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017) .................................................................................. 7

*SuperInterconnect Techs. LLC v. HP Inc.*,
    C.A. No. 19-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18,
    2019) ............................................................................................................................. 4, 6

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) .................................................................................. 12

**FEDERAL RULES**

Fed. R. Civ. P. 8(a) ............................................................................................................... 3, 5

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 3

**OTHER AUTHORITIES**

Order Amending Fed. R. Civ. P. (U.S. Apr. 29, 2015) ............................................................ 3

## I. INTRODUCTION

Plaintiff FedEx Corporate Services, Inc. ("FedEx"), moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Defendant Roambee Corporation's ("Roambee") Counterclaims (D.I. 10) for failure to state a claim upon which relief can be granted.

## II. STATEMENT OF FACTS

### A. Nature and Stage of the Proceeding

On February 9, 2021, FedEx filed its Complaint against Roambee for patent infringement. D.I. 1. FedEx stipulated twice to extensions, providing Roambee an additional two months to Answer. D.I. 7, 9. On April 30, 2021, Roambee filed an Answer and brought Counterclaims alleging infringement of U.S. Patent No. 10,438,162 ("the '162 patent," D.I. 10, Ex. A) and U.S. Patent No. 10,990,922 ("the '922 patent," D.I. 10, Ex. B) (collectively, "the Roambee Patents"). D.I. 10, ¶ 4.

### B. The Roambee Counterclaim Patents

The Roambee patents largely share the same specification. They describe systems and methods using a wireless tracker to capture location and sensor information regarding a shipment. '162 patent, *passim*; '922 patent, *passim*. The wireless tracker may communicate with other devices over any wireless communication network, including GPS, cellular/mobile, and Bluetooth. '162

patent, 6:9-25; '922 patent, 5:20-36. Using the wireless communication network, the wireless tracker communicates location and sensor information to a server that stores the information. '162, 12:53-58; '922, 11:16-21. The Roambee patents also describe the wireless tracker as "configured to receive and verify one or more codes to for [sic] a chain of custody of the shipment." '162 patent, 5:20-21; '922 patent, 5:6-7. For example, the Roambee patents state: "the wireless tracker receives a code at a shipment origin and receives a code at a shipment destination." '162 patent, 5:21-23; '922 patent, 5:7-9. And "[b]ased on such authentication, the wireless tracker may transmit a notification to the computer server(s) 102 verifying chain of custody." '162 patent, 5:23–26; '922 patent, 5:9–12. The Roambee patents' claims all require this "chain of custody" verification based on the wireless tracker receiving a "code" within both a "time threshold" and a "distance threshold" of the shipment destination. *See, e.g.*, '162 patent, all claims; '922 patent, all claims.

### C. Roambee's Counterclaims

Roambee's counterclaims do little more than parrot *excerpts* from select claim elements. D.I. 10 ("Counterclaims"). For example, at paragraphs 24-28, Roambee alleges "upon information and belief" that FedEx's PT300D, SA2000, and SA3000 ("the SenseAware mobile devices") include components and/or perform operations, without any support or even citation, combined with mere recitations of language sampled from elements of the '162 patent's claim 1. Counterclaims, ¶¶ 24–28.

Roambee's allegations for the '922 patent make even less of an effort to address all of the actual claim limitations. There, Roambee alleges the SenseAware ID device performs claimed operations corresponding to only a few of claim 1's elements—again, without any supporting positions or evidence, but instead relying on language parroted from the claim. *Id.* at ¶¶ 29–32.

Roambee does not cure these deficiencies in the sections that follow. At paragraphs 46-49 and 55-58, Roambee provides only broad statements of legal conclusions without alleging any facts from which the Court could make a finding of each element required to show direct, induced, contributory, or willful infringement. *Id.* at ¶¶ 46–49, 55–58. Indeed, Roambee never alleges that FedEx possessed the required knowledge or specific intent necessary to induce, contribute to, or willfully infringe the Roambee patents. *Id.*

### III.  LEGAL STANDARDS

**A. Failure to State a Claim for Which Relief Can Be Granted Under Fed. R. Civ. P. 12(b)(6)**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). After the Supreme Court abrogated Rule 84 and Form 18, patent infringement complaints became subject to the pleading standard under *Twombly* and *Iqbal*. *See* Order Amending Fed. R. Civ. P. (U.S. Apr. 29, 2015). Fed. R. Civ. P. 8(a) requires that a complaint provide "'a short and plain statement of the claim showing that the pleader

is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). But ultimately, the patent owner must show that the "accused product embodies all limitations of a claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013).

Accordingly, this Rule "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, merely repeating the language of the asserted claim does not satisfy *Twombly* or *Iqbal* because it does not identify the particular features of the accused products that allegedly meet the claim limitations. *N. Star Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017), *report and recommendation adopted,* C.A. No. 17-506-LPS-CJB, 2018 WL 11182741 (D. Del. Jan. 3, 2018); *DIFF Scale Operation Res., LLC v. MaxLinear, Inc.*, C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020), *report and recommendation adopted*, C.A. No. 19-2109-LPS-CJB, 2020 WL 6867103 (D. Del. Nov. 23, 2020); *see also SuperInterconnect Techs. LLC v. HP Inc.*, C.A. No. 19-0169-CFC, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019) (explaining that allegations simply identifying an accused product as incorporating an industry standard alleged to infringe a claim "fall short of the *Iqbal/Twombly* pleading

standard because they fail to allege facts showing *how* the technology, the standard, or the accused product plausibly reads on the claim elements.") (emphasis original), *appeal dismissed sub nom. Super Interconnect Techs. LLC v. HP Inc.*, No. 2020-1332, 2020 WL 8020468, at *2 (Fed. Cir. Mar. 26, 2020). Rather, to plead patent infringement, a patent owner must set forth sufficient facts to plausibly allege that the accused product embodies every limitation in a particular asserted claim. *N. Star Innovations, Inc.*, 2017 WL 5501489, at *1.

## IV. ARGUMENT

### A. Roambee's Counterclaims Should Be Dismissed for Failure to State a Claim for Any Form of Patent Infringement Under Rule 12(b)(6)

Roambee's Counterclaims lack factual allegations and are, at best, so vague they do not provide notice of what FedEx activities are being accused of infringement. Roambee's Counterclaims should therefore be dismissed because they fail to satisfy the pleading standards of Fed. R. Civ. P. 8(a) and *Iqbal* and *Twombly*.

#### 1. Roambee's claims for direct infringement fail to state a claim because they do not meet the pleading standards for Rule 8

*Roambee*'s direct infringement allegations at paragraphs 24-28 "do[] little more than parrot back the language of [the respective] claim elements and then state[] that the accused product[s]" meets those limitations. *N. Star Innovations, Inc.*, 2017 WL 5501489, at *2. Such allegations fall short of the *Iqbal/Twombly* standard. *Id.*; *DIFF Scale Operation Res.*, 2020 WL 2220031, at *2; *see also*

*SuperInterconnect Techs. LLC*, 2019 WL 6895877, at *2. As discussed above, Roambee merely alleges "upon information and belief" that the SenseAware mobile devices include components and/or perform operations sampling language from elements of the '162 patent's claim 1. Counterclaims, ¶¶ 24–28. Courts, however, have consistently confirmed that such parroting of claim language is insufficient to plead direct infringement. Indeed, Courts have dismissed such allegations even where the accuser also provided a light mapping to the accused product. *See e.g., N. Star Innovations, Inc.*, 2017 WL 5501489, at *2 (finding accusations insufficient where the patent owner described the accused product as comprising a "charge pump circuit, i.e., 'boost circuit'" before continuing to parrot the claim element). Moreover, at paragraph 46, Roambee provides only broad statements of legal conclusions without alleging any facts from which the Court could make a finding of each element required to show direct infringement of the '162 patent. Counterclaims, ¶ 46.

Roambee's failure to meet the pleadings standards is even more egregious when accusing the SenseAware ID device of infringing the '922 patent. While again making allegations regarding the device's operation using sampled claim language, Roambee fails to make, let alone support, any allegations that the SenseAware ID device practices the '922 patent claims' central feature: verifying chain of custody of a shipment based on the receipt of a code by the wireless tracking device within

both a time threshold and a distance threshold from the shipment destination. Counterclaims, ¶¶ 29-32. First, Roambee does not accuse the SenseAware ID of "receiving another code at the wireless tracker at a shipment destination," as recited by claim 1. *Id.* Likewise, Roambee does not allege that the SenseAware ID "determines that the location of the wireless tacker is within a distance threshold of the shipment destination," as also recited by claim 1. *Id.* And, finally, Roambee does not assert that the SenseAware ID "transmit[s] a notification via the wireless tracker to the server to verify a chain of custody of the shipment when the another code was received by an authentication module of the wireless tacker within a time threshold and the distance threshold," as also required by claim 1. *Id.* These failures render Roambee's counterclaims insufficient under the plausibility standard. *Cephalon*, 707 F.3d at 1340 (confirming the patent owner must show that the accused product embodies all limitations of a claim); *Metricolor LLC v. L'Oreal S.A.*, 791 Fed. Appx. 183, 188 (Fed. Cir. 2019) (upholding dismissal of infringement claim where patentee failed to plead any facts to show a certain claim limitation); *Dynamic Data Techs., LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613, at *1 (D. Del. July 21, 2020) (a plaintiff must place the potential infringer on notice of what activity is being accused of infringement through describing "*how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements") (citing *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353

(D. Del. 2017)) (emphasis original).

Moreover, the single instance where Roambee employed language supposedly describing an accused device without parroting the claim language also falls far short of being "plausible on its face." At paragraph 32, Roambee ascribes behavior to the SenseAware ID device by purporting to quote a single sentence from an unspecified portion of "FedEx's website." Counterclaims, ¶¶ 29-32. FedEx, however, has been unable to locate this "quote" on www.fedex.com or any of its subdomains. Thus, ¶ 32 of Roambee's counterclaims only highlight further Roambee's failure to give FedEx fair notice of the grounds upon which it rests its allegations of infringement. *See Twombly*, 550 U.S. at 555, 570. Finally, at paragraph 55, Roambee again provides only broad statements of legal conclusions without alleging any facts from which the Court could make a finding of each element required to show direct infringement of the '162 patent. Counterclaims, ¶ 46. This has long been held insufficient. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Accordingly, Roambee's counterclaims for direct infringement should be dismissed.

### 2. Roambee's claims for indirect infringement fail to state a claim under Rule 12(b)(6) because they do not meet the pleading standards for Rule 8

The Court should also dismiss Roambee's claims for induced and contributory infringement. As a threshold matter, both induced infringement and contributory

infringement claims require an underlying act of direct infringement, which is lacking here. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920-21 (2014) (induced infringement); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (contributory infringement). Moreover, Roambee's counterclaims do not allege—or even suggest—that FedEx possessed the specific intent required to induce or contribute to infringement. Counterclaims, ¶¶ 47, 48, 56, 57; *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760–64 (2011) ("we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"). This is because Roambee would have no legitimate basis to present such allegations.

          **a)    Roambee fails to state a claim for induced infringement**

To plead induced infringement, a plaintiff must allege sufficient facts to plausibly show that the accused infringer: (1) specifically intended third parties to infringe the patent-in-suit; and (2) knew that the third parties' acts were infringing. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Roambee's counterclaims do not make these allegations. Roambee's ***entire*** allegation of indirect infringement states that FedEx "actively induc[es] its customers to use the infringing instrumentalities." Counterclaims, ¶¶ 47, 56. Thus, Roambee merely alleges a legal conclusion of the cause of action, not facts sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555

(pleading "requires more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" (citation omitted)); *Iqbal*, 556 U.S. at 678. Moreover, Roambee's counterclaims cannot themselves serve as the basis for FedEx's alleged knowledge. *See Dynamic Data Techs.*, 2020 WL 4192613, at *3 ("[S]uch allegations do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge.") (*citing VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019)).

Accordingly, Roambee fails to state a claim for induced infringement for two reasons. First, Roambee failed to properly plead direct infringement, *see* Section IV.A.1, and therefore fails to properly plead induced infringement. *Linear Tech. Corp*, 379 F.3d at 1326 ("'Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.' There can be no inducement or contributory infringement without an underlying act of direct infringement.") (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)). Second, Roambee does not so much as attempt to plead the knowledge and specific intent required for the Court to find indirect infringement. *In re Bill of Lading*, 681 F.3d 1323 at 1339. Roambee's counterclaims for induced infringement should therefore be dismissed.

                b)      **Roambee also fails to state a claim for contributory**

**infringement**

To plead contributory infringement, a party must allege sufficient facts to plausibly show: (1) the accused sells, offers to sell, or imports a component, material, or apparatus that is material to practicing the patented invention; (2) the accused knows of the patent-in-suit and knows that the component, material, or apparatus is made or specifically adapted for use to infringe the patented process; and (3) the component, material, or apparatus has no substantial noninfringing uses. *In re Bill of Lading*, 681 F.3d at 1337; *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Roambee's counterclaims fail to do this and again, merely reiterate legal conclusions without any supporting facts from which those conclusions can be drawn. *See* Counterclaims, ¶¶ 48, 57.

Accordingly, Roambee likewise fails to state a claim for contributory infringement for two reasons. First, Roambee failed to properly plead direct infringement, *see* Section IV.A.1, and there can be no contributory infringement without an underlying act of direct infringement. *Linear Tech. Corp.*, 379 F.3d 1311 at 1326. Second, Roambee's counterclaim allegations at paragraphs 48 and 57 merely reiterate legal conclusions without any supporting facts from which those conclusions can be drawn, rendering the claims deficient. *In re Bill of Lading*, 681 F.3d 1323 at 1339. Roambee's counterclaim for contributory infringement should therefore be dismissed.

### c) Roambee's willfulness claim should also be dismissed

Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016). Knowledge of the asserted patents is a prerequisite. *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018); *Gustafson, Inc. v. Intersys. Indus. Prods., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990).

Roambee's willful infringement allegations appear only at paragraphs 5, 49, and 58 of its counterclaims:

> 5. Upon information and belief, FedEx's infringement of the Roambee Patents is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.
>
> 49. Plaintiff/Counterclaim Defendant's ongoing infringement is willful and deliberate. Plaintiff/Counterclaim Defendant has had actual knowledge of the '162 patent at least since the filing of this counterclaim. Roambee is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for FedEx's infringement.
>
> 58. Plaintiff/Counterclaim Defendant's ongoing infringement is willful and deliberate. Plaintiff/Counterclaim Defendant has had actual knowledge of the '922 patent at least since the filing of this counterclaim. Roambee is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for FedEx's infringement.

Counterclaims, ¶¶5, 49, 58. Roambee fails to allege any culpable conduct or any set of facts supporting an inference of culpable conduct. Accordingly, Roambee's

counterclaims do not include any factual allegations to support that finding and must therefore be dismissed. *See Halo Elecs., Inc.*, 136 S. Ct. at 1932. Moreover, without a plausible pleading of direct infringement, any claim of willful infringement necessarily fails. *Portus Singapore PTE Ltd. v. SimpliSafe, Inc.*, CV 19-480-PLS-JLH, 2019 WL 6071180 at *6 (D. Del. Nov. 15, 2019).

## V.   CONCLUSION

For the foregoing reasons, FedEx respectfully requests that the Court dismiss Roambee's counterclaims for failure to state a claim upon which relief can be granted. Because leave to amend would be futile as evidence by Roambee's counterclaims after receiving two additional months to conduct a pre-suit investigation, the dismissal should be with prejudice.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*

Of Counsel:

Jeffrey A. Berkowitz
Michael V. Young, Sr.
Luke H. MacDonald
Bradley T. Edgington
FINNEGAN HENDERSON FARABOW
   GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700

F. Leslie Bessenger III
WITHERS & KEYS, LLP
555 North Point Center East, Suite 400
Alpharetta, GA 30022
(770) 643-8912

Dated: June 11, 2021

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing **PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS** contains 2,923 words, excluding the cover page, tables, and signature blocks, and that it complies with the Court's type, font, and word limitations.

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo