IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| FEDEX CORPORATE SERVICES, INC., | : : : | |
| | : | Case No. 1:21-cv-00175-CFC |
| Plaintiff, | : : | |
| v. | : : : | |
| ROAMBEE CORP., | : : | |
| Defendant. | : | |

## DEFENDANT ROAMBEE CORP.'S MOTION TO STAY PROCEDEINGS PENDING *INTER PARTES* REVIEW

Pursuant to Federal Rule of Civil Procedure 16 and the Court's inherent authority over its docket, Defendant Roambee Corp. ("Roambee") hereby moves this Court to stay these proceedings pending a determination by the United States Patent and Trademark Office ("USPTO") as to whether to institute *Inter Partes* Review ("IPR") proceedings as to four of the six patents asserted against Roambee in this case. The grounds for this motion are set forth herein.

## BACKGROUND

On February 9, 2021, Plaintiff FedEx Corporate Services, Inc. ("FedEx") filed a complaint for patent infringement against Roambee, asserting six patents: U.S. Patent No. 7,623,033 ("the '033 patent"), U.S. Patent No. 8,766,797 ("the

46837322

'797 patent"), U.S. Patent No. 9,182,231 ("the '231 patent"), U.S. Patent No. 9,974,042 ("the '042 patent"), U.S. Patent No. 10,305,744 ("the '744 patent"), and U.S. Patent No. 10,313,199 ("the '199 patent"). The parties have since undergone some written discovery, exchanged infringement, non-infringement, and invalidity contentions, and exchanged their proposed terms for construction. However, no depositions have been noticed, claim construction briefing has not begun, and the deadlines for the completion of fact discovery, expert reports, and dispositive motions are months away. Trial is not scheduled to occur until September of 2023, more than 19 months out.

On February 11, 2022, Qualcomm Incorporated ("Qualcomm"), filed four IPR petitions with the USPTO, seeking to invalidate four of FedEx's six asserted patents in their entirety. Specifically, in IPR2022-584, Qualcomm challenges claims 1-25 of the '033 patent; in IPR2022-585, Qualcomm challenges claims 1-33 of the '797 patent; in IPR2022-586, Qualcomm challenges claims 1-30 of the '231 patent; and in IPR2022-587, Qualcomm challenges claims 1-32 of the '042 Patent. Thus, if Qualcomm is successful, more than half the patents FedEx asserts against Roambee in this action will be invalidated, significantly simplifying this case. Qualcomm provided the parties with a courtesy notice of the IPRs on February 11, 2022. Qualcomm is a non-party to the present litigation, and Roambee had no

2

knowledge of or input into the petitions prior to receiving the notice that they had been filed.

## LEGAL STANDARD

The Court has the inherent power to stay proceedings in a patent infringement action pending IPR review. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The decision to stay proceedings is within the Court's discretion and determined on a case-by-case basis. *Ever Win Int'l Corp. v. Radioshack Corp.,* 902 F.Supp.2d 503 (D. Del. 2012). When deciding whether to stay litigation, courts typically consider (1) whether a stay will simplify the issues for trial, (2) the status of the litigation, and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay. *Toshiba Samsung Storage Tech. Korea Corp. v. LG Electronics, Inc*. 193 F. Supp. 3d 345 (D. Del. 2016). Applying a fourth factor from the related Covered Business Methods (CBM) review context, courts have found a stay is further justified when it reduces the burden on the parties and the court. In considering whether to stay litigation pending IPR and CBM proceedings, courts have generally adopted a "liberal policy" in favor of stays, to promote efficiency gains and judicial economy. *British Telecomms. PLC v. IAC/InterActiveCorp,* C.A. No. 18-366-WCB, 2019 WL 4740156, at *3 (D. Del. Sept. 27, 2019).

# ARGUMENT

A stay of this litigation pending review of the '033, '797, '231, and '042 patents (the "Challenged Patents") would preserve judicial resources by making the case far simpler and less burdensome for the parties and the Court. Qualcomm's petitions for IPR seek to invalidate all of the claims in four of the six Patents-in-Suit. There is also significant overlap between the claims challenged by these IPRs and the claims asserted in the remaining two Patents-in-Suit, including common terms that the parties have presently proposed for construction. At this relatively early stage of litigation, awaiting the PTO's review and analysis of the Challenged Patents will narrow the issues for trial regarding all of the Patents-in-Suit, making this infringement action significantly more efficient and economical. For these reasons, Roambee respectfully asks that the Court stay this litigation in its entirety pending the PTO's decision to grant these IPRs and, should they be granted, the subsequent PTO proceedings.

**A. A stay would greatly simplify the issues for trial because the claims challenged by the IPRs substantially overlap with those asserted in the infringement action.**

Where, as here, there is significant overlap between the issues in the IPR and the infringement issues pending in the district court, a stay is especially likely to streamline the case. *Toshiba Samsung Storage Tech.*, 193 F. Supp. 3d at 348. Regardless of the outcome of an IPR proceeding, staying litigation pending the

4

proceeding's conclusion yields greater efficiencies, whether by reducing the number of claims at issue, narrowing the scope of surviving claims, confirming the validity of claims, or otherwise receiving the benefits of the PTO's expertise in assessing claim terms and prior art references. *Ever Win Int'l*, 902 F. Supp. 2d at 505-506. *See also Peschke Map Techs., LLC v. J.J. Gumberg Co.,* 40 F. Supp. 3d 393, 396 (D. Del. 2014) ("A stay should clarify, if not simplify the issues for trial."). A stay is "particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Milwaukee Elec. Tool Corp. v. Hilti, Inc.,* 138 F. Supp. 3d 1032, 1036 (E.D. Wis. 2015) (*quoting Evolutionary Intelligence, LLC v. Millenial Media, Inc.,* C.A. No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014).

    Staying this litigation will yield efficiencies no matter the outcome of the IPR proceedings, which is especially beneficial given the high number of claims asserted in this case. In its infringement action, FedEx has asserted dozens of claims from six different patents—more than 200 claims in total. Qualcomm's petitions for IPR challenge *all* of the claims in four of the six Patents-in-Suit. This Court has previously granted a stay where four of six asserted patents were subject to IPR petitions, even where most of those petitions had not yet been granted but were still pending. *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,

C.A. Nos. 12-cv-1107 (GMS), 12-cv-1109 (GMS), 12-cv-1110 (GMS), 2014 WL 1369721, at *1 (D. Del. Apr. 7, 2014). If a stay were granted here, and the PTO found the patents to be invalid, this outcome would remove over *one hundred* asserted claims from contention in this case; even if Qualcomm's IPRs are only partially successful, that will obviate the need for this Court to address infringement and invalidity issues with respect to *dozens* of asserted patent claims.

The remaining claims asserted in this matter, from the '199 and '744 patents, overlap significantly in terms of subject matter with the claims of the Challenged Patents. Thus, a stay pending IPR will streamline the proceedings with respect to those patents as well. For example, several of the terms that the parties have proposed for construction in the '199 and '744 patents also appear numerous times in one or more of the Challenged Patents. Because these terms are the basis for non-infringement disputes between the parties, construction of these terms as part of an IPR proceeding would clarify central issues in this case regardless of the outcome.

Any outcome from an IPR proceeding will save judicial resources and simplify this case. If the IPRs are granted, and Qualcomm's challenges successful, the Court will not have to adjudicate infringement or invalidity with respect to four of the six asserted patents. If Qualcomm's challenges are only partially successful, this outcome will still narrow the claims at issue from the more than 200 that

6

Plaintiff has asserted. Even if Qualcomm's challenges are unsuccessful, the proceeding would still bring clarity through PTO's claim construction and insight into the claimed technology and prior art. A stay pending these proceedings would ensure that the Court benefits from these outcomes and avoids expending resources on adjudicating issues only to have them become moot following the PTO's examination.

> **B. A stay is appropriate at this time, where the most burdensome stages of the litigation have not yet occurred.**

The timing of this case weighs in favor of a stay because the most costly and onerous stages of the litigation are still ahead. Staying a case when it is still relatively new can "advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013.) (citation omitted). At the time of this motion, the parties have not yet completed discovery. They have not yet reached their deadline for substantial document production or fact discovery. They have not engaged in claim construction briefing or scheduled any depositions. The parties' claim construction hearing is several months away, and the trial is set for September of 2023, more than 19 months from the time that Qualcomm filed its IPR petitions.

This Court has found that this factor weighed in favor of a stay where litigation was as far or further along than this. For example, in *Miics & Partners*

7

*Am. Inc. v. Toshiba Corp*, this Court granted a stay where discovery had started and trial dates had been set, but depositions, expert discovery, and claim construction had not yet begun. C.A. Nos. 14–803–RGA, 14–804–RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015). In *RetailMeNot, Inc. v. Honey Science LLC,* the court found the stage of litigation favored a stay when depositions had already begun. C.A. No. 18-937-CFC-MPT, 2020 WL 373341, at *6 (D. Del. Jan. 23, 2020). In *Ethicon LLC v. Intuitive Surgical, Inc.,* the court found a stay was warranted even after the court had issued its claim construction order, and fact discovery was complete. C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. March 20, 2019). It need not weigh against a stay that a trial date has been set when such a date is well in the future and was set at the start of litigation. *See Milwaukee Elec. Tool Corp.,* 138 F. Supp. 3d at 1037.

This Court also granted a stay in *IOENGINE, LLC v. PayPal Holdings, Inc.*, where, as here, the parties had undergone written discovery and entered the claim construction stage. C.A. Nos. 18-452-WCB, 18-826-WCB, 2019 WL 3943058, at *4 (D. Del. Aug. 21, 2019). In opposing the stay in *IOENGINE,* the plaintiff noted that the parties had, among other things, produced over 100,000 pages of documents, conducted more than 110 hours of source code review, and served and responded to dozens of interrogatories. The parties had also served multiple third-party subpoenas. *Id.* at *4. None of this progress precluded a stay. Instead, the

8

court noted that the "most burdensome stages of the cases", including the completion of discovery, the preparation of expert reports, pretrial motions, and the trial, all had yet to occur. *Id*. at *5.

All of these "burdensome stages" lie ahead in this infringement case as well. Without a stay, the parties and the Court risk expending substantial resources over the next eighteen months litigating issues that will certainly be streamlined—and may be eliminated altogether—by the pending IPR proceedings.

### C. The Plaintiff would not suffer undue prejudice as a result of a stay.

A stay in this noninfringement action would not unduly prejudice FedEx, or place FedEx at a tactical disadvantage. Roambee did not file these petitions for IPR. Both parties learned of the IPRs at the same time, when they were served a courtesy notice on February 11, 2022. Three business days after learning of the IPRs, Roambee informed Plaintiff of its intention to move for a stay. The parties met and conferred the following day, and Roambee filed this motion the day after that, within a week of receiving Qualcomm's courtesy notice. Plaintiffs cannot show that the timing of this stay would place them at a tactical disadvantage. And the prospect of a delay in proceedings, without more, is not enough to show undue prejudice. *See Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.,* 922 F. Supp. 2d 486 (D. Del. 2013).

Also weighing against prejudice is the relationship between the parties. While Roambee and FedEx are both market participants, they are not the only participants in the relevant market. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *3 (D. Del. July 2, 2013) (finding that "[t]he presence of multiple active firms in the relevant market . . . may decrease the likelihood of such harm befalling the plaintiff" and finding that the plaintiff was unlikely to be unduly prejudiced by a stay even where it was uncontested that the parties were direct competitors.)

## D. Granting a stay will reduce the burden of litigation on the parties and on the Court.

Granting a stay at this stage of litigation would serve a central goal of the IPR process, by relieving the court and parties of unnecessary burden and expense. The potential to reduce this burden is a fourth factor that courts must apply when determining whether to grant a stay pending Covered Business Method (CBM) review. As this Court and the Federal Circuit have recognized, the factor may be applied to IPR decisions as well. *IOENGINE LLC*, 2019 WL 3943058, at *3 (*citing Murata Mach. USA v. Daifuku Co.,* 830 F.3d 1357, 1362 (Fed. Cir. 2016)). Both CBM and IPR review are meant to "sav[e] the courts from having to adjudicate infringement claims based on patents of questionable validity." *British Telecomms. PLC v. IAC/InterActive Corp.,* 2019 WL 4750156, at *3. When an IPR is likely to relieve this burden, a stay is especially warranted.

Granting a stay would allow the IPR proceeding to narrow the issues for trial and prevent the Court from spending unnecessary resources adjudicating claims that may be invalidated. It would prevent Roambee, a small startup company, from having to devote substantial resources to defending against accusations of infringement with respect to patents whose validity is in question. *See Ever Win Int'l*, 902 F. Supp. 2d at 507-508. At the same time, it would prevent FedEx from needing to litigate overlapping issues in two forums at once, and avoid duplication of efforts by the Court and the PTO. Because both parties and the Court stand to benefit, this fourth factor weighs strongly in favor of a stay as well.

### E. It is proper for the Court to grant a stay before the IPR has been instituted.

This Court has repeatedly recognized that a stay pending IPR can be properly granted before the PTO decides to institute the petition. *See, e.g.*, *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. Nos. 12-cv-1107 (GMS), 12-cv-1109 (GMS), 12-cv-1110 (GMS), 2014 WL 1369721, at *4 (D. Del. Apr. 7, 2014); *Neste Oil OYJ v. Dynamic Fuels LLC,* 2013 WL 3353984, at *2, *5 (D. Del. July 2, 2013) (finding that while the IPR had not yet been instituted, the other circumstances of the case showed "little risk" that the Plaintiff would suffer undue prejudice and granting the requested stay.) Where it is likely that the PTAB

11

will grant review, this Court has even found it "advisable" to grant a motion to stay before an IPR is instituted. *Miics & Partners*, 2015 WL 9854845, at *1.

The PTO is likely to grant review in this case. The PTO may institute an IPR when there is a reasonable likelihood that the petitioner will prevail with respect to at least one of the claims challenged in the petition. 35 U.S.C. § 314(a). A challenge to a high number of claims increases the probability that the petitioner will prevail on at least one. *Miics & Partners*, 2015 WL 9854845, at *1. ("[W]ith so many claims from so many patents in play, the law of probabilities makes it almost certain that the PTAB will grant at least some of the petitions, and that some of the claims will eventually be rejected or modified.") Here, Qualcomm's petitions challenge over a hundred of the claims that FedEx has asserted in this action.

There is no harm in imposing, then lifting, a stay in the event that the PTO declines to institute Qualcomm's IPRs. The resulting delay in proceedings would be limited, as the PTO must decide whether to institute within three months after receiving a preliminary response to the petition, or after the last date when such response may be filed. 35 U.S.C. § 314(b). But there *is* a significant risk of wasting vast amounts of both time and resources if this litigation proceeds on its present schedule pending the PTO's decision.

At this time, the parties are engaged in discovery and about to begin claim construction briefing, in preparation for a claim construction hearing scheduled for June 29, 2022. The court recognized the inherent risk in this situation in *NST Global, LLC v. SIG Sauer Inc*. C.A. No. 19-cv-792-PB, 2020 WL 1429643, at *2-6 (D.N.H. Mar. 24, 2020). In *NST Global*, the court stayed an infringement action where IPR petitions had been filed but not yet granted. 2020 WL 1429643 at *6. If the PTO ultimately denied the petition, the court noted, the stay could be lifted after a "relatively brief pause" of several months. *Id.* at *4. But if the court adhered to the current schedule while awaiting the PTO's decision, the parties would need to submit their opening and responsive claim construction briefs and have a *Markman* hearing, all while discovery continued. "These efforts," the court noted, "would be wasted if the PTO then granted review and invalidated some or all of the claims at issue." *Id*. The court determined that this risk was enough to justify granting a stay while awaiting the PTO's decision. *Id*. at *5.

In this case, if the PTO grants Qualcomm's petitions and ultimately invalidates some or all of the challenged claims, the parties and Court's efforts during that time would be largely wasted. On the other hand, a pre-institution stay will only delay the litigation for a few months. If the PTO then declines reexamination, the parties may resume the litigation with minimal disruption and no undue prejudice.

13

## **CONCLUSION**

The potential benefits of a stay are tremendous, while the potential drawbacks are minor, if not altogether non-existent.  At this early stage, where the parties and the Court are on the precipice of huge investments of time and resources, the IPRs have the potential to eliminate over a hundred asserted claims, and four asserted patents from the case.  This is precisely the sort of situation where a stay is appropriate and beneficial.  Roambee respectfully asks that the Court grant a stay of the above-captioned infringement action pending IPR of the '033, '797, '231, and '042 patents.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jessica Hutson Polakowski<br>Paul J. Stockhausen<br>Monica A. Mark<br>REINHART BOERNER VAN DEUREN, S.C.<br>22 East Mifflin Street, Suite 700<br>Madison, WI 53703<br>608-229-2200<br><br>Elizabeth Elving<br>REINHART BOERNER VAN DEUREN, S.C.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>414-298-1000<br><br>Dated:  February 18, 2022 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7311<br>Facsimile: (302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendant Roambee Corp.* |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the text of the foregoing document uses a 14-point Times New Roman typeface and contains 3,134 words as determined by the word count feature of Microsoft Word (excluding the caption, tables, exhibit images, signature block, and certifications).

Date: February 18, 2022

                                             */s/ Dominick T. Gattuso*
                                             Dominick T. Gattuso (#3630)

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

The undersigned counsel hereby certifies that counsel, including Delaware counsel, for both Plaintiff and Defendant conferred by telephone on Thursday, February 17, 2022, regarding the relief sought in Defendant Roambee Corp's Motion to Stay Proceedings Pending *Inter Partes* Review. The parties were unable to reach agreement on the relief sought.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

OF COUNSEL:

Jessica Hutson Polakowski
Paul J. Stockhausen
Monica A. Mark
REINHART BOERNER
VAN DEUREN, S.C.
22 East Mifflin Street, Suite 700
Madison, WI 53703
608-229-2200

Elizabeth Elving
REINHART BOERNER
VAN DEUREN, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
414-298-1000

Dated:  February 18, 2022

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Defendant Roambee Corp.*